UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

V.                                          NO. 05-301

JOSEPH LEE JONES                            SECTION "F"

<u>**ORDER AND REASONS:**</u>

Before the Court is Joseph Jones' 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence. For the following reasons, the motion is DENIED.

**Background**

On October 12, 2005, officers and detectives with the Hammond Police Department executed a search warrant at Joseph Jones' residence. The officers found a Glock 19 9mm semi-automatic handgun, a plastic bag that contained approximately 500 grams of cocaine base ("crack"), and $19,799 in U.S. currency. Jones acknowledged that the cocaine, money, and gun found in the house belonged to him. A review of Jones' criminal history showed that he previously pled guilty in the 21st Judicial District Court for the State of Louisiana for possession of cocaine, in violation of Louisiana Revised Statute 40:967(C)(2), a felony drug offense.

On January 12, 2006, Joseph Jones pled guilty to a three-count indictment which charged Jones with possession with intent to distribute fifty grams or more of cocaine base in violation of

Title 21, United States Code, § 841(a)(1) and § 841(b)(1)(A), being

a felon in possession of a firearm in violation of Title 18, United

States Code, § 922(g)(1), and possessing a firearm in furtherance

of a drug trafficking crime in violation of Title 18, United States

Code, § 924(c). When Jones signed the plea agreement, he waived

the right to appeal or otherwise contest his sentence. He reserved

the right to appeal any punishment that was imposed in excess of

the statutory maximum.

Jones is currently serving a 120 month sentence. On July 13,

2006, Jones was sentenced to a total of 211 months. The sentence

was subsequently reduced three times to the current 120 month

sentence.

I.

A petitioner may file a habeas corpus petition pursuant to 28

U.S.C. § 2255, claiming a right to release from custody on the

ground that a sentence ordered by a federal court "was imposed in

violation of the Constitution or the laws of the United States."

28 U.S.C. § 2255.[1] "Relief under 28 U.S.C. § 2255 is reserved for

transgressions of constitutional rights and for a narrow range of

injuries that could not have been raised on direct appeal and

---

[1] 28 U.S.C. § 2255 identifies only four grounds that might support a motion to vacate: (1) the sentence was imposed in violation of the Constitution of laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id.

2

would, if condoned, result in a complete miscarriage of justice."
United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996)(citations
and internal quotation marks omitted). A claim of error that is
neither constitutional nor jurisdictional is not cognizable in a
§ 2255 proceeding unless the error constitutes a "fundamental
error" that "renders the entire proceeding irregular or invalid."
United States v. Addonizio, 442 U.S. 178, 185 (1979).

A habeas petitioner has the burden of establishing his claims
by a preponderance of the evidence. Wright v. United States, 624
F.2d 557, 558 (5th Cir. 1980)(citations omitted). If the Court
finds that the petitioner is entitled to relief, it "shall vacate
and set the judgment aside and shall discharge the prisoner or
resentence him or grant a new trial or correct the sentence as may
appear appropriate." 28 U.S.C. § 2255.

II.

A.

In the plea agreement signed by Jones and accepted by the
Court, Jones waived his right to contest his sentence under 28
U.S.C. § 2255.

A defendant may waive his right to appeal as part of a plea
agreement, as long as the waiver is informed and voluntary. United
States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). For a waiver
to be informed and voluntary, the defendant must understand the
consequences of the waiver. United States v. Baty, 980 F.2d 977,

979 (5th Cir. 1992). Namely, "that [the defendant] had a right to appeal his sentence and that he was giving up that right." United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994)(quoting United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992)). The Court can rely on the defendant's statements at his guilty plea hearing because "[s]olemn declarations in open court carry a strong presumption of verity." Wilkes, 20 F.3d at 653 (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); United States v. Cantu, 273 F.3d 393, at *1 (5th Cir. 2001)(per curiam)(unpublished). In Portillo, the Fifth Circuit held that "when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal." Portillo, 18 F.3d at 292-93.

In this motion, Jones does not challenge the knowledge or voluntariness of his waiver of rights in the plea agreement. Jones also doesn't claim that he did not understand the plea agreement. Since there is no issue about the plea agreement, then Jones' waiver of right to challenge his sentence under 18 U.S.C. § 2255 precludes him from the relief currently sought.

B.

Even if Jones' motion was not precluded by waiver, he would still not be entitled to relief under Johnson.

Jones contends that his conviction is the result of the residual clause of 18 U.S.C. § 924(c) because his conduct that resulted in conviction was not an expressly stated offense in the section. Jones relies on Johnson v. United States, which held the residual clause of the definition of a "violent felony" in the Armed Career Criminal Act to be unconstitutionally vague. 135 S. Ct. at 9.[2] Jones further alleges that the residual clause of 18 U.S.C. § 924(c) is just as vague as 18 U.S.C. § 924(e) because it is "so standardless that it invites arbitrary enforcement." Jones also points to Welch v. United States, 136 S. Ct. 1257 (2016) for support in which the Supreme Court held that the ruling in Johnson is applied retroactively on collateral review. 136 S. Ct. at 13. Therefore, Jones contends that Johnson is applicable.

Contrary to Jones' claim, the holding in Johnson is not applicable to his conviction. Johnson applies only to the residual clause of "violent felonies." Jones did not plead guilty to a violent felony; he pled guilty to possessing a firearm in furtherance of a drug trafficking crime, in violation 18 U.S.C. § 924(c). Also, the plea agreement that Jones consented to states

---

[2] The residual clause of the ACCA defines "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

that he "understands that this agreement does not apply to crimes of violence." Because Jones did not plea guilty to a crime under the residual clause, he cannot claim relief under Johnson.

Additionally, the Fifth Circuit has not extended the reasoning of Johnson to § 924(c)(1), and has held that it is not unconstitutionally vague. United States v. Chapman, 851 F. 3d 363, 375 (5th Cir. 2017);[3] see United States v. Guzzardo, No. 14-CR-58, 2018 WL 2322831, at *2 (E.D. La. May 21, 2018)[4]; see also United States v. Vigil, No. 16-CV-259, 2016 WL 9107349, at *2 (W.D. Tx. Sept. 29, 2016) ("Johnson has no effect on convictions for § 924(c) based on drug trafficking crimes, and Movant's § 2255 is futile in this regard.")

### III.

Jones also asks the Court to appoint counsel to represent him as he moves to vacate his sentence under § 2255. Jones claims that he needs qualified counsel because of the complex issues at hand. Unlike defendants in criminal proceedings and prisoners directly appealing judgments in criminal cases as a matter of right, prisoners mounting collateral attacks on their convictions do not

---

[3] § 924(c) convictions are not affected by the violent felony residual clause because the convictions are based on drug trafficking crimes and not a crime of violence. Id.

[4] The Eastern District of Louisiana has held that the Johnson holding does not apply because the defendant pled guilty under 18 U.S.C. § 924(c)(1)(A) to possession of a firearm in furtherance of a drug trafficking crime and the residual clause was not relied on at all. Id.

have a constitutional right to appointed counsel. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987); <u>Adeleke v. United States</u>, 550 Fed.Appx. 237, 239 (5th Cir. 2013). The Court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Jones has not demonstrated that his habeas petition presents issues warranting appointment of counsel.

Accordingly, IT IS ORDERED: that Joseph Jones' motion to vacate under 28 U.S.C. § 2255 is DENIED.

New Orleans, Louisiana, May 31, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE